# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**GLEN HUGHIE LOVIN, JR.,** )
)
Petitioner, )
)
v. ) No. CIV 14-384-RAW-KEW
)
**JOE M. ALLBAUGH, DOC Director,** )
)
Respondent. )

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a pro se prisoner currently incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, challenges his conviction and sentence in Pontotoc County District Court Case No. CF-2010-73 for Endeavoring to Manufacture Methamphetamine, after two or more felony convictions. He sets forth the following grounds for relief:

I. The evidence was not sufficient to prove the offense charged by the State.

II. The improper admission of an irrelevant and prejudicial video that demonstrated the production of methamphetamine deprived Mr. Lovin of a fair trial, requiring a new trial or favorable modification.

III. The prejudice of improper details of Mr. Lovin's legal history inappropriately introduced to the jury through the State's exhibits resulted in an inflated sentence.

IV. Under the facts of the case Mr. Lovin's sentence is excessive and should be modified.

V. Petitioner was denied due process when the preliminary hearing magistrate also conducted Petitioner's jury trial without Mr. Lovin's consent, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Okla. Stat. tit. 22 § 576.

VI. Petitioner was denied Sixth Amendment effective assistance of trial counsel during plea negotiations.

> VII. Petitioner was denied Sixth Amendment effective assistance of appellate counsel when appellate counsel failed to raise the claim of trial counsel's ineffectivness during plea negotiations.

The respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the Court for consideration in this matter:

> A. Petitioner's direct appeal brief.
>
> B. The State's brief in Petitioner's direct appeal.
>
> C. Summary Opinion affirming Petitioner's judgment and sentence. *Lovin v. State*, No. F-2012-58 (Okla. Crim. App. Feb. 27, 2013).
>
> D. Petitioner's application for post-conviction relief.
>
> E. Post-conviction findings by the trial court.
>
> F. Petitioner's petition in error to the Oklahoma Court of Criminal Appeals.
>
> G. Order Affirming Denial of Application for Post-Conviction Relief.
>
> H. State court record.
>
> I. Transcripts of preliminary hearing and jury trial.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Ground I: Sufficiency of the Evidence**

Petitioner alleges the State failed to meet its burden of proof to sustain his conviction for Endeavoring to Manufacture Methamphetamine. The Oklahoma Court of Criminal Appeals (OCCA) denied relief on this claim in Petitioner's direct appeal:

> . . . Lovin argues that the evidence is insufficient to prove endeavoring to manufacture a controlled dangerous substance. This Court addresses a challenge to the sufficiency of the evidence by viewing the evidence in the light most favorable to the State, accepting all inferences that support the verdict, and asking whether any rational trier of fact could have found guilt beyond a reasonable doubt. *Warner v. State*, 144 P.3d 838, 863 (Okla. Crim. App. 2006) (citing *Spuehler v. State*, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985)).
>
> The elements of Endeavoring to Manufacture Methamphetamine are: 1) knowingly; 2) endeavoring; 3) to manufacture; 4) the controlled dangerous substance of methamphetamine. Okla. Stat. tit. 63, § 2-408; OUJI-CR (2d) 6-3B. "Endeavoring means any effort to do or accomplish the evil purpose that the law was enacted to prevent." OUJI-CR (2d) 6-16. The evidence introduced by the State, including purchases made by Lovin at Wal-Mart on January 8, 2010; the video depiction of the methamphetamine manufacturing process in conjunction with the explanatory testimony of Agent Dean; the admissions of Lovin; and the evidence found in the back of Lovin's car on February 19, 2010, provide sufficient evidence for a rational trier of fact to find guilt beyond a reasonable doubt. *Warner*, 144 P.3d at 863; *Spuehler*, 709 P.2d at 203-04.
>
> Lovin attempts to argue that for the purpose of a sufficiency analysis, the Court should be limited by the Information which states that Lovin endeavored to manufacture methamphetamine "on or about the 19th day of February 2010," the day of Lovin's arrest. Lovin claims that what happened approximately six weeks earlier, on January 8, 2010, is irrelevant. Trial counsel was provided with notice of the January 8, 2010, Wal-Mart shopping spree in discovery. Counsel did not object to the relevancy of this evidence at trial and there is no basis for this objection now. Title 22, Section 405 states that: "The precise time at which the offense was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense." Okla. Stat. tit. 22, § 405. The Information was filed on February 23, 2010, less than two months after Lovin's January 8 Wal-Mart purchases. The evidence was relevant and properly admitted.

3

> Citing Okla. Stat. tit. 21, § 41,[1] Lovin also argues that his admission that he manufactured methamphetamine on January 8, after purchasing the raw materials at Wal-Mart, precludes his conviction for endeavoring to manufacture. The crime of endeavoring to manufacture was removed from Section 41, and designated under Title 63, as a distinct statute, with distinctly defined punishment. Okla. Stat. tit. 63, § 2-408 ("Any person who . . . endeavors . . . to commit any offense defined in the Uniform Controlled Dangerous Substances Act . . . shall be subject to the penalty prescribed for the offense, the commission of which was the object of the . . . endeavor[.]"); *see also Tidmore v. State*, 95 P.3d 176, 177-78 (Okla. Crim. App. 2004) (rejecting the argument that the crime of endeavoring to manufacture is the equivalent of the crime of attempt). The crime of endeavoring is not, therefore, barred where there is evidence of the commission of the crime. *See Mehdipour v. State*, 956 P.2d 911, 914-95 (holding that Okla. Stat. tit. 21, § 44 does not preclude a conviction for attempting to intimidate a witness where evidence demonstrated witness was persuaded not to testify because crime of attempt to intimidate witness was prosecuted under Okla. State. tit. 21, § 455, and there is no requirement under Section 455 that State resort to attempt statutes or disprove completion of the crime). The prosecutor retains discretion over which act to charge, so long as "the decision not be based on impermissible standards, such as race or religion." *State v. Haworth*, 283 P.3d 311, 316 (Okla. Crim. App. 2012). [This Proposition] is denied.

*Lovin v. State*, No. F-2012-58, slip op. at 2-4 (Okla. Crim. App. Feb. 27, 2013) (footnote in original). The OCCA's factual findings are entitled to a presumption of correctness, unless Petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

> Sufficiency of the evidence is a mixed question of law and fact. We ask whether the facts are correct and whether the law was properly applied to the facts, which is why we apply both 28 U.S.C. § 2254(d)(1) and (d)(2) when reviewing sufficiency of the evidence on habeas.

*Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006) (citations omitted)*, cert. denied*, 549 U.S. 1285 (2007).

In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier

---

[1] Section 41 of Title 21 provides that "[n]o person can be convicted of an attempt to commit a crime when it appears that the crime intended or attempted was perpetrated by such person in pursuance of such attempt."

4

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319).

"[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)), *cert. denied*, 498 U.S. 904 (1990).

"[W]here a sufficiency challenge was resolved on the merits by the state courts, . . . AEDPA adds an additional degree of deference, and the question becomes whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (citations and internal quotation marks omitted), *cert. denied*, 553 U.S. 1079 (2008). This standard is called "deference squared." *Hooks v. Workman*, 689 F.3d 1148, 1166 (10th Cir. 2012 (quoting *Young v. Sirmons*, 486 F.3d 655, 666 n.3 (10th Cir. 2007)). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [this court] owe[s] deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

5

A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and pertinent federal law, that the state court's result "unreasonably applies clearly established federal law." *Id*. (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)).

To determine whether there was sufficient evidence presented at trial to sustain Petitioner's conviction, the Court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). As set forth above, the OCCA cited *Spuehler* in its analysis that found the elements of the charged crime were proven by the State. *Lovin*, No. F-2012-58, slip op. at 2-4. This Court notes that in *Spuehler*, the OCCA expressly adopted the standard set forth in *Jackson v. Virginia*. *Spuehler*, 709 P.2d at 203-04. *See also Warner*, 144 P.3d at 863.

Petitioner's argument on direct appeal was based upon the relevance and admissibility of evidence used to convict him. He claimed that if evidence of his January 8, 2010, Wal-Mart purchases and his admission that he actually manufactured the drugs had not been admitted, there would not have been sufficient evidence to convict him. As shown above, however, the OCCA disposed of each evidentiary challenge, and Petitioner has not alleged that the OCCA's determination of these underlying state-law issues deprived him of a fundamentally fair trial.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding

and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (citing *Teague v. Looney*, 268 F.2d 506 (10th Cir. 1959)).

Here, the state court determined under state law that Petitioner's sufficiency of the evidence argument was meritless. Because state evidentiary law was not improperly applied, Petitioner's claim of insufficient evidence as argued fails to present a federal issue. *See Williams v. Hartley*, No. 13-CV-1258, 2013 WL 5548242, at *4 (D. Colo. Oct. 8, 2013) (unpublished) (holding that because petitioner's claim of insufficient evidence was premised on state law, the claim failed to present a federal issue and was not cognizable in habeas corpus).

"[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) (citing *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)). Petitioner's legal arguments for federal habeas relief are based on state evidentiary law, not Supreme Court precedent. Because the State's highest court rejected these claims, Petitioner cannot show that the OCCA's decision that there was sufficient evidence to support the conviction was contrary to, or an unreasonable application of, *Jackson v. Virginia*. Ground I for habeas relief fails.

**Grounds II and III: Admissibility of Evidence**

Petitioner alleges in Ground II of the petition that the improper admission of an irrelevant and prejudicial video demonstrating the production of methamphetamine deprived him of a fair trial. In Ground III Petitioner claims the prejudicial introduction of his incarceration history to the jury through the State's exhibits resulted in an inflated sentence.

Respondent alleges Petitioner's claims in Grounds II and II raise issues of state law

7

which are not proper for federal habeas review. Respondent further asserts Petitioner was not denied a fair trial by the introduction of this evidence.

> The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

*Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

A federal habeas court will not disturb the state court's evidentiary rulings unless the petitioner "demonstrates that the state court's error was "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (citing *Williamson v. Ward*, 110 F.3d 1058, 1522 (10th Cir. 1997)), *cert. denied*, 531 U.S. 938 (2000).

### *Ground II: Video Presentation*

The OCCA denied relief on Petitioner's claim concerning the video as follows:

> . . . Lovin argues that the trial court abused its discretion by admitting State's Exhibit 11, a video demonstrating the "one pot" method of making methamphetamine; the same method that Lovin admitted to police that he employed on January 8, 2010. Lovin's objection to the introduction of this video was overruled and the video was introduced with no cautionary or limiting instruction. While the video played, Agent Dean testified to the process depicted.
>
> Lovin argues that the video was both irrelevant and prejudicial. We find that it was neither. The video and accompanying testimony of Agent Dean helped the jury understand how the laundry list of items in Lovin's possession could have been used to manufacture methamphetamine, and therefore, why his possession of those items was indeed evidence that he was endeavoring to manufacture methamphetamine. The demonstration was presented simply, in a sterile setting. Though Agent Dean's brief testimony concerning the potential for dangerous fires to arise during the manufacturing process was arguably irrelevant, it was not objected to at trial and does not rise to the level of plain error. As Lovin points out, "anyone who watches the news or reads the paper is familiar [with the fact that] meth labs are very dangerous and often destructive." The trial court did not abuse its discretion. *Harris v. State*, 13

8

P.3d 489, 495 (Okla. Crim. App. 2000).

*Lovin*, No. F-2012-58, slip op. at 4-5.

The record shows that while the video played, Agent Dean explained the process for manufacturing methamphetamine by the "one pot" method and that the ingredients Petitioner obtained on January 8, 2010, could be substituted for items used in the video (Tr. 228-32; State's Exhibit 11). Agent Dean also explained to the jury that Petitioner admitted he possessed the ingredients that were used when he manufactured methamphetamine (Tr. 228). The jury was advised that the video was made by the Washington State Patrol in a controlled environment (Tr. 228). Agent Dean explained to the jury that what was shown on the video might deviate from what Petitioner said about how he made methamphetamine (Tr. 228). At one point, Petitioner objected to the testimony as speculative, and the trial court sustained the objection (Tr. 233). Petitioner's counsel thoroughly cross-examined Agent Dean about his testimony (Tr. 235-60) and specifically about the video (Tr. 247, 257).

To convict Petitioner of the charged crime, the State was required to prove he knowingly endeavored to manufacture methamphetamine (Jury Instruction Nos. 21, 22; Dkt. 16-9; Okla. Stat. tit. 63 § 2-408 (2001)). The jury also was instructed on the credibility of opinion witnesses (Jury Instruction No. 19; Dkt. 16-9).

Showing the process of manufacturing methamphetamine using the items Petitioner either purchased or had in his possession was evidence that he knowingly endeavored to manufacture methamphetamine. Therefore, the video and Agent Dean's narration of the video were relevant to show Petitioner's knowledge and intent. *See Walker v. Mullin*, No. CIV-08-1107, at *6 (W.D. Okla. Mar. 30, 2014) (unpublished) (holding that prosecution's use of a "demonstration lab" to assist in the jury's understanding of the process of manufacture of methamphetamine raised questions of merely state law, where the jury was

informed of the limitations of the evidence and no particular constitutional guarantees were implicated). *See also Torres v. Roberts*, No. 07-3176, 253 Fed. App'x 783, 789, 2010 WL 3302437, at *4 (10th Cir. 2007) (unpublished) (holding that when a federal court reviews a state court ruling admitting demonstrative evidence, federal habeas relief is only appropriate "if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process") (citations omitted).

Here, Petitioner told Agent Dean that both the items he obtained on January 8, 2010, and the items in his possession on February 19, 2010, were used to manufacture methamphetamine (Tr. 224, 227-28). Agent Dean, an experienced narcotics agent with training about clandestine methamphetamine labs, also independently explained that the items could be combined to manufacture methamphetamine (Tr. 228-32). The OCCA found the demonstration was simple and helped the jury understand how the items could be used to manufacture methamphetamine, thus assisting in showing Petitioner's intent to endeavor to manufacture. This Court finds the video demonstration claim is an issue of state law, and the admission of the video demonstration did not deny Petitioner a fundamentally fair trial. *See Fox*, 200 F.3d at 1296-97. Ground II of the petition must be denied.

### *Ground III: Judgment and Sentence Documents*

Petitioner argues in Ground III that the trial court erred when it failed to redact sua sponte several judgment and sentence documents during the second stage of trial. The claim was denied by the OCCA on direct appeal:

> . . . Lovin claims that he was prejudiced during the second stage of his bifurcated trial by the admission of sentencing documents that were not redacted and that clearly referenced his history of probation and parole violations. Because Lovin did not object to these documents or seek redaction at trial, he has waived all be plain error review. *Hunter v. State*, 208 P.3d 931, 933 (Okla. Crim. App. 2009).
>
> The admission of the sentencing documents in this form was an actual, obvious

10

error. *Id.* Lovin, however, cannot establish prejudice resulting from this error. Unlike in *Hunter*, the error here was not compounded by improper argument by the State. *Id.* at 933-34. Moreover, the jury could have inferred that Lovin violated his parole or probation from properly redacted documents, if the jury considered the length of the sentences and the dates of conviction. *Boyd v. State*, 743 P.2d 658, 662 (Okla. Crim. App. 1987). Though this fact does not eliminate the error, it does minimize the prejudice. Finally, at sentencing, Lovin was a ten-time convicted felon with convictions ranging from burglary to terroristic threats to forgery. In the current case he admitted to manufacturing methamphetamine on January 8, 2010, and on February 19, 2010, was found in possession of a coffee grinder with traces of ground pseudoephedrine. The minimum sentence Lovin could receive for endeavoring to manufacture methamphetamine was twenty-one years. *See* Okla. Stat. tit. 63, § 2-408 (setting penalty for endeavoring to manufacture methamphetamine as the same penalty for manufacturing); Okla. Stat. tit. 63, § 2-401(G)(2) (Supp. 2005) (penalty for manufacturing methamphetamine is seven years to life imprisonment); Okla. Stat. tit. 21, § 51.1(C) (Supp. 2002) (providing for an enhancement of three times the minimum sentence where defendant has two or more prior felonies). Lovin was sentenced to life imprisonment with the possibility of parole. Lovin has not shown he was prejudiced and has not established entitlement to relief. Okla. Stat. tit. 20, § 3001.1 (2011).

*Lovin*, No. F-2012-58, slip op. at 5-6.

Petitioner alleged on direct appeal that the jury could have impermissibly learned from the unredacted documents that he did not serve his entire prison terms. As found by the OCCA, Petitioner failed to object to the documents at trial. While not dispositive to the issue on habeas review, the failure to object is relevant to the assessment of fundamental unfairness. *Trice v. Ward*, 196 F.3d 1151, 1167 (10th Cir. 1999), *cert. denied*, 53 U.S. 835 (2000).

Petitioner claims he received an excessive sentence, as presented in Ground IV, because of the alleged inadmissible evidence in the unredacted sentencing documents used to enhance his sentence. The OCCA held that although the introduction of the unredacted documents was "obvious error," there was no improper argument by the State, and the jury could have inferred Petitioner's parole or probation violations from properly redacted documents. While this fact does not eliminate the error, it does minimize the prejudice.

11

The minimum sentence Petitioner could have received for Endeavoring to Manufacture Methamphetamine, after two or more felony convictions, was 21 years. *See* Okla. Stat. tit. 63, § 2-408; Okla. Stat. tit. 63, § 2-401(g)(2); Okla. Stat. tit. 21, § 51.1(C). With ten felony convictions, he was sentenced to life imprisonment with the possibility of parole. Considering this evidentiary claim independently from his excessive sentence claim in Ground IV, the Court finds Petitioner has failed to raise a habeas claim warranting relief. *See Bagby v. Jones*, No. CIV-10-1086, 2011 WL 7746438, at *10 (W.D. Okla. Dec. 30, 2011) (unpublished) (report and recommendation holding that "[e]ven if the State inappropriately relied on two 'transactional' crimes under state law, . . . federal habeas relief would not be available" for petitioner's challenge to his sentence enhancement), *adopted by district court*, 2012 WL 138163 (Apr. 19, 2012), *certificate of appealability denied*, No. 12-6117, 495 Fed. App'x 860 (10th Cir. Aug. 3, 2012).

On direct appeal Petitioner briefly argued that his counsel was ineffective in failing to request a redaction, and he makes a similar statement under this ground for habeas relief (Dkt. 1 at 8). The OCCA found no merit in this argument:

> Failing to raise a separate proposition of error, Lovin argues that his counsel was ineffective because he did not request redaction of the sentencing documents introduced in the second stage. Lovin waived this claim by failing to set it out as a separate proposition of error. *Cuesta Rodriguez v. State*, 247 P.3d 1192, 1197 (Okla. Crim. App. 2011); Rule 3.5(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22 Ch. 18, App. (2012). Had he properly raised this claim, we would find no merit as prejudice is an essential element of the test for ineffective assistance of counsel. Lovin could not establish that there is a "reasonable probability that, but for counsel's unprofessional errors," his sentence would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). [This proposition] is denied in its entirety.

*Lovin*, No. F-2012-58, slip op. at 6.

The OCCA found Petitioner had waived this claim, but also found it was meritless under the federal precedent of *Strickland*. The Tenth Circuit holds that when assessing a

12

state prisoner's ineffective assistance of counsel claim on habeas review under § 2254(d)(1), "our review is 'doubly deferential.' We defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how best to represent a client." *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009) (citations omitted).

"There is a strong presumption that counsel provided effective assistance of counsel, and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Here, the OCCA found the failure to redact the documents was an "obvious error." The second *Strickland* prong, however, cannot be met, because Petitioner cannot demonstrate prejudice by showing the jury's decision would have been different if the documents had been redacted. The OCCA's decision on this issue was not contrary to, or an unreasonable application of, Supreme Court law. *See* 28 U.S.C. § 2254(d)(1).

**Ground IV: Excessive Sentence**

Petitioner alleges in Ground IV that his life sentence was excessive and should be modified. The OCCA denied relief on direct appeal:

> . . . [W]e find that Lovin's sentence was not excessive. This Court will only modify a sentence within the statutory range if, "considering all the facts and circumstances, it shocks the conscience." *Neloms v. State*, 274 P.3d 161, 171 (Okla. Crim. App. 2012). Under the facts and circumstances of this case, including Lovin's nine prior felony convictions, Lovin's life sentence is not excessive. *Rea v. State*, 34 P.3d 148, 149 (Okla. Crim. App. 2001).

13

*Lovin*, No. F-2012058, slip op. at 6-7.

This Court finds Petitioner has failed to identify any federal constitutional violation in this claim, which is the core predicate for habeas relief. *See* 28 U.S.C. § 2254(a). He has not even shown that his sentence falls outside the state statutory limits. *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001) (stating challenges to state sentencing decisions "are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law"). This claim is meritless.

**Grounds V, VI, and VII: Preliminary Hearing Magistrate, Ineffective Assistance of Trial Counsel, and Ineffective Assistance of Appellate Counsel**

In Ground V, Petitioner complains he was denied due process when the preliminary hearing magistrate presided over his trial. In Ground VI he asserts a claim of ineffective assistance of trial counsel during plea negotiations, based on the claim in Ground V. Petitioner alleges in Ground VII that he was denied the effective assistance of counsel on direct appeal. He first raised these claims in his application for post-conviction relief.

The trial court found that "[a] review of the record and the Affidavit by Dawn DeVoe Teal, Court Reporter, clearly establishes that Petitioner's allegation of a single Judge conducting both Preliminary Hearing [and] the Trial is false. *Lovin v. State*, No. CRF-10-73, slip op. at 2 (Pontotoc County Dist. Ct. Mar. 14, 2014) (Dkt. 16-5). The trial court further found that despite Petitioner's assertions, "his claim clearly was known to him prior to appeal and could have been raised on appeal." *Id.*

The OCCA affirmed, finding the record did not support Petitioner's claim that the

same judge presided over his preliminary hearing and his jury trial. *Lovin v. State*, No. PC-2014-249, slip op. at 4 (Okla. Crim. App. July 28, 2014). The OCCA further found there was "more than sufficient evidence establishing that different judges presided over [Petitioner's] preliminary hearing and trial. *Id*. Furthermore, "[e]xcept as related to his ineffective assistance of appellate counsel claim, consideration of Petitioner's claims for relief are waived because they could have been raised in his direct appeal." *Id*., slip op. at 2 (citing *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013); *Fowler v. State*, 896 P.2d 566, 569 (Okla. Crim. App. 1995); *Walker v. State*, 826 P.2d 1002, 1004 (Okla. Crim. App. 1992)).

Grounds V and VI, therefore, were procedurally barred by the State's highest court. This Court, however, may address the merits of a procedurally barred claim when it "can easily find it fails on the merits." *See Fields v. Gibson*, 277 F.3d 1203, 1217-18 (10th Cir. 2002).

The record supports the OCCA's conclusion that the Petitioner's preliminary hearing and his jury trial were not conducted by the same judge. The certified transcript of the preliminary hearing on January 28, 2011, reflects that Special District Judge C. Steven Kessinger presided, and Petitioner was bound over for formal arraignment before Judge Thomas S. Landrith (Dkt. 16-10). Petitioner was formally arraigned before Judge Landrith on February 28, 2011 (Dkt. 16-12), and the jury trial transcript clearly reflects that Judge Landrith presided (Dkt. 16-13). Because Petitioner's underlying claim that the magistrate judge and trial judge were the same fails on the merits, his claim of ineffective assistance of counsel for failing to raise this issue at trial also fails. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (holding that counsel's failure to raise a meritless claim does not amount to constitutionally ineffective assistance). *See also Pavatt v. Royal*, 859 F.3d 920, 929 (10th Cir. 2017) (holding that counsel was not ineffective for failing to object to

15

evidence if the objection was "doomed to fail" (citing *Williams v. Trammell*, 782 F.3d 1184, 1198 (10th Cir. 2015)).

Petitioner alleges in Ground VII that his appellate counsel failed to raise the issue in Ground V and Ground VI on direct appeal. He maintains the court records showing that Judge Kessinger presided over his preliminary hearing are incorrect. The OCCA found no merit to this claim in his post-conviction proceedings:

> Petitioner must show a reasonable probability that appellate counsel would have prevailed on direct appeal had he argued trial counsel was deficient and these errors resulted in prejudice. *Strickland*, 466 U.S. at 687. Petitioner has failed to provide evidence supporting his claims. Repeated conclusions that appellate counsel was ineffective are not sufficient proof. This Court has held that "merely conclusory, unprovable, or unspecific claims of ineffective assistance of appellate counsel do not raise an issue of material fact." *Logan v. State*, 293 P.3d 969, 978-979 (Okla. Crim. App. 2013). After examining Petitioner's claims of ineffective assistance of counsel, pursuant to the *Logan* and *Strickland* standards stated above, Petitioner has failed to establish that appellate counsel's performance was deficient or objectively unreasonable and Petitioner has failed to establish any resulting prejudice. As a result, Petitioner's ineffective assistance of appellate counsel claim is without merit.

*Lovin*, No. PC-2014-249, slip op. at 4.

After careful review, this Court finds the OCCA's decision on this claim was not contrary to, or an unreasonable application of *Strickland*, and the OCCA's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). Ground VII of the petition also fails.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). A certificate of appealability cannot be issued.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 18th day of September 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma